In re Maudine Virginia STRICKLAND, Debtor.

**FIRST STATE BANK OF CARROLLTON, Plaintiff,**

v.

Maudine Virginia STRICKLAND and Jacob C. Pongetti, Trustee, Defendants.

Bankruptcy No. S81–10379.

Adv. No. S81–128Z.

United States Bankruptcy Court, N.D. Mississippi.

Dec. 29, 1982.

Thomas L. Segrest, Columbus, Miss., for plaintiff.

Thomas L. Kesler, Columbus, Miss., for defendant.

Jacob C. Pongetti, Columbus, Miss., trustee.

## MEMORANDUM OPINION

EUGENE J. RAPHAEL, Bankruptcy Judge.

On July 29, 1981, Maudine Virginia Strickland, debtor, filed her voluntary petition in bankruptcy under chapter 7 of the 1978 Bankruptcy Code. Schedule A–2 of said chapter 7 petition indicates, inter alia, that plaintiff in this adversary proceeding is a creditor holding security, such security being described as "household goods". The amount of creditor's claim is shown as $7,275.96. Under Schedule B–4 of said chapter 7 petition debtor claimed as exempt pursuant to 11 U.S.C., section 522(d) certain personalty said to be located in the home of debtor and described in said Schedule B–4, a copy of which is exhibited to this memorandum opinion as Exhibit "1".

On September 19, 1981, plaintiff, First State Bank of Carrollton, filed its complaint praying for the abandonment of the following described personal property; to wit:

1—25″ Zenith color television;

1—living room suite—sofa and chair;

1—green chair;

1—Magic Chef range;

1—cedar wardrobe;

2—lamps;

2—chain lamps;

1—book case;

all other household goods.

The record shows that a summons was served by first-class, postage-prepaid mail on each of the defendants, Maudine Virginia Strickland and Jacob C. Pongetti, trustee, on September 21, 1981. On September 28, 1981, defendant Maudine Virginia Strickland filed her separate answer, affirmative defenses and counterclaim. On the same date plaintiff filed its reply to debtor's counterclaim. The due date for a motion or an answer to the complaint by defendant Jacob C. Pongetti, trustee, was October 19, 1981, but defendant trustee has not answered or otherwise defended against said complaint.

On October 13, 1981, debtor filed her motion for summary judgment, and on October 28, 1981, plaintiff filed its motion for summary judgment. A hearing on the two motions for summary judgment was scheduled for January 27, 1982. Plaintiff appeared at such hearing by its attorney. Neither debtor nor her attorney appeared

at the hearing; nor did the trustee appear or take part in the hearing on the motions for summary judgment. The court heard plaintiff's argument in support of its motion for summary judgment. At the time of such hearing the uncontradicted facts before the court indicated that the dispositive legal issue would be controlled by the then prospective decision of the Supreme Court of the United States in the case of *United States v. Security Industrial Bank,* 454 U.S. 1122, 102 S.Ct. 969, 71 L.Ed.2d 108, in which case the United States Supreme Court had noted probable jurisdiction on December 14, 1981. Accordingly, this court reserved its decision on the competing motions for summary judgment pending the decision of the United States Supreme Court in *United States v. Security Industrial Bank, supra.*

The complaint and answer reflect the uncontradicted facts in this case. The first three numbered paragraphs of the complaint, which were expressly admitted by defendant Strickland and were not answered by defendant trustee, state:

"I

That on or about January 23, 1978, the debtor, Maudine Virginia Strickland, who was on January 23, 1978, known as Maudine Butler, executed a promissory note payable to the plaintiff, and to secure the payment of said promissory note, executed a security agreement in which the debtor granted unto the plaintiff a security interest in the following described personal property, to wit:

1—25" Zenith Color television;

1—living room suite—sofa and chair;

1—green chair;

1—Magic Chef range;

1—cedar wardrobe;

2—lamps;

2—chain lamps;

1—book case;

all other household goods.

A copy of said security agreement is attached hereto as Exhibit "A" and made a part hereof the same as if fully recopied herein.

II

Thereafter, on March 26th, 1981, the debtor executed a promissory note in continuation and renewal of the promissory note of January 23, 1978, under the provisions of which the debtor promised to pay to the plaintiff the sum of $7,275.96. A copy of said promissory note is attached hereto as Exhibit "B" and made a part hereof.

III

That the debtor is in default under the terms and provisions of the said promissory note of March 26, 1981, and there remains due and owing thereunder the sum of $5,545.34."

Paragraph "V" of the complaint alleges that 11 U.S.C., section 522, insofar as said statute applies to security interests granted prior to November 6, 1978, is violative of the Fifth Amendment to the United States Constitution as a deprivation of property without due process of law.

Under the procedural posture of this adversary proceeding, plaintiff is entitled to a judgment by default insofar as its prayer for relief against defendant Jacob C. Pongetti, trustee, is concerned.

Insofar as defendant Maudine Virginia Strickland is concerned, consideration of the aforementioned uncontradicted facts deducible from the pleadings leads this court to the conclusion that the only question for the court to decide is a legal question; namely; "Is section 522(f)(2) of the 1978 Bankruptcy Code, which permits debtors to avoid nonpossessory, non-purchase money liens on certain exempt property, applicable to those liens which were established before the enactment date of the Bankruptcy Reform Act of 1978?" The dispositive answer to this question is found in the decision of the United States Supreme Court in *United States v. Security Industrial Bank,* 454 U.S. 1122, 102 S.Ct. 969, 71 L.Ed.2d 108 (1982) during the pendency of the instant adversary proceeding. In that case the United

States Supreme Court refused to abrogate creditors' property rights established before the enactment date of the 1978 Bankruptcy Reform Act (Bankruptcy Code) "... in the absence of a clear expression of Congress' intent to apply section 522(f)(2) to property rights established before the enactment date ...". The issue of whether retrospective application of section 522(f) would violate the creditors' Fifth Amendment due process rights was not reached. Rather, the court applied the principle that when a statute raises constitutional doubts, a determination will be made as to whether, as a matter of statutory construction, the constitutional question may be avoided. Since there was an absence of a clear expression of congressional intent. to apply section 522(f)(2) to pre-enactment property rights, the law was construed to be inapplicable to those rights.

Furthermore, in footnote number 11 to the court's opinion the following statement appeared:

"Because all of the liens at issue in this case were established before the enactment date we have no occasion to consider whether section 522(f)(2) should be applied to liens established after Congress passed the Act, but before it became effective."

Under the uncontradicted facts the lien of plaintiff was established prior to the November 6, 1978, enactment date of the Bankruptcy Reform Act of 1978. The holding in *United States v. Security Industrial Bank, supra,* clearly controls the legal issue in the instant proceeding.

Accordingly, the order which will be entered by this court will grant a default judgment for abandonment of the hereinabove described personalty as to defendant Jacob C. Pongetti, trustee; will grant plaintiff's motion for summary judgment for abandonment of said personalty as against defendant Maudine Virginia Strickland; will deny defendant Maudine Virginia Strickland's motion for summary judgment against plaintiff; and will dismiss with prejudice defendant Maudine Virginia Strickland's counterclaim.

The foregoing memorandum opinion sets forth my findings of fact and conclusions of law. A proposed judgment is submitted herewith for signature by a United States District Judge.

EXHIBIT 1

Debtor selects the following property as exempt pursuant to 11 U.S.C. § 522(d) [or the laws of the State of  Mississippi]

### Schedule B-4. — Property claimed as exempt.

| Type of property | Location, description, and, so far as relevant to the claim of exemption, present use of property | Specify statute creting the exemption | Value claimed exempt |
|---|---|---|---|
| | | | $ |
| * All items located in home of Petitioner | | | |
| * All items claimed exempt under 11 U.S.C. § 522 (d) | | | |
| Ring | | | 2,000.00 |
| Bedroom Set | | | 200.00 |
| Bed | | | 100.00 |
| Dresser | | | 50.00 |
| Washer | | | 75.00 |
| Dryer | | | 75.00 |
| Dining Set | | | 200.00 |
| Stove | | | 200.00 |

| Type of property | Location, description, and, so far as relevant to the claim of exemption, present use of property | Specify statute creating the exemption | Value claimed exempt |
|---|---|---|---|
| | | | $ |
| Refrigerator | | | 200.00 |
| Television | | | 200.00 |
| Couch | | | 200.00 |
| Chair | | | 100.00 |
| Recliner | | | 100.00 |
| Stereo | | | 150.00 |
| Lawn mower | | | 50.00 |